No. ___

---

# IN THE UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

---

In re LOS ANGELES TIMES COMMUNICATIONS LLC

LOS ANGELES TIMES COMMUNICATIONS LLC,
*Petitioner*,

v.

UNITED STATES DISTRICT COURT FOR
THE CENTRAL DISTRICT OF CALIFORNIA,
*Respondent*,

UNITED STATES,
*Real Party in Interest*,

and

MARK DAVID HANDEL,
*Real Party in Interest*.

---

On Petition for Writ of Mandamus to the United States District Court for the
Central District of California (Case No. 2:20-cr-00612)

---

## PETITION FOR WRIT OF MANDAMUS

Katie Townsend
  *Counsel of Record*
Grayson Clary
REPORTERS COMMITTEE FOR
  FREEDOM OF THE PRESS
1156 15th St. NW, Suite 1020
Washington, D.C. 20005
Telephone: (202) 795-9300

Jeff Glasser
LOS ANGELES TIMES
  COMMUNICATIONS LLC
2300 E. Imperial Highway
El Segundo, CA 90245
Telephone: (213) 237-7077

## CORPORATE DISCLOSURE STATEMENT

Los Angeles Times Communications LLC is wholly owned by NantMedia

Holdings, LLC.

## TABLE OF CONTENTS

**Page:**

CORPORATE DISCLOSURE STATEMENT ........................................ ii

TABLE OF AUTHORITIES ...................................................................iv

INTRODUCTION .................................................................................1

RELIEF SOUGHT ................................................................................4

ISSUES PRESENTED ..........................................................................5

STATEMENT OF JURISDICTION ......................................................6

FACTUAL AND PROCEDURAL BACKGROUND ...........................7

   I.    The Government's prosecution of Mark Handel. ......................7

   II.   The *Times*' motion to unseal judicial records. ...........................9

   III.  The District Court's ruling.......................................................11

REASONS FOR ISSUING THE WRIT .............................................12

   I.    The District Court failed to make findings in support of sealing. ............12

   II.   The District Court erred in ordering redaction of the identities of public officials and others that were the subjects of the Government's public corruption investigation. .......................15

   III.  The District Court erred in concluding that no presumption of public access applies to the Wholly Sealed Documents. ..........................19

CONCLUSION ...................................................................................23

CERTIFICATE OF COMPLIANCE ..................................................25

CERTIFICATE OF SERVICE.............................................................26

# TABLE OF AUTHORITIES

**Page(s):**

**Cases**

*Associated Press v. U.S. District Court,*
  705 F.2d 1143 (9th Cir. 1983)..................................................................12, 20

*Ctr. for Auto Safety v. Chrysler Grp., LLC,*
  809 F.3d 1092 (9th Cir. 2016)..................................................................20, 21

*Garrison v. Louisiana,*
  379 U.S. 64 (1964) .........................................................................................4

*Hagestad v. Tragesser,*
  49 F.3d 1430 (9th Cir. 1995)......................................................................3, 12

*In re Consumer Watchdog,*
  No. 2:24-cv-01650, 2024 WL 2104448 (C.D. Cal. Apr. 11, 2024) ...................18

*In re L.A. Times Commc'ns LLC,*
  28 F.4th 292 (D.C. Cir. 2022) ...............................................................3, 14, 16

*In re L.A. Times Commc'ns LLC,*
  628 F. Supp. 3d 55 (D.D.C. 2022) .................................................................17

*In re McClatchy Newspapers, Inc.,*
  288 F.3d 369 (9th Cir. 2002).................................................................3, 15, 16

*In re N.Y. Times Co.,*
  828 F.2d 110 (2d Cir. 1987)...........................................................................22

*In re NBC, Inc.,*
  635 F.2d 945 (2d Cir. 1980)...........................................................................16

*In re Newsday, Inc.,*
  895 F.2d 74 (2d Cir. 1990).............................................................................23

*In re Roman Cath. Archbishop of Portland,*
  661 F.3d 417 (9th Cir. 2011)...........................................................................14

*In re Time Inc.*,
    182 F.3d 270 (4th Cir. 1999) ................................................................20

*In re U.S. for an Order Pursuant to 18 U.S.C. Section 2703(D)*,
    707 F.3d 283 (4th Cir. 2013) ..............................................................21

*Kamakana v. City & Cnty. of Honolulu*,
    447 F.3d 1172 (9th Cir. 2006) .............................................1, 14, 22

*Nixon v. Warner Commc'ns, Inc.*,
    435 U.S. 589 (1978) .............................................................................19

*Padilla-Ramirez v. Bible*,
    882 F.3d 826 (9th Cir. 2017) ..............................................................20

*Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*,
    307 F.3d 1206 (9th Cir. 2002) .........................................................2, 12

*Phoenix Newspapers, Inc. v. U.S. District Court*,
    156 F.3d 940 (9th Cir. 1998) ........................................13, 14, 16

*Press-Enter. Co. v. Superior Court*,
    478 U.S. 1 (1986) ...............................................................................19

*United States v. Brooklier*,
    685 F.2d 1162 (9th Cir. 1982) ...............................................6, 12, 13

*United States v. Bus. of Custer Battlefield Museum & Store*,
    658 F.3d 1188 (9th Cir. 2011) .........................................................16, 19

*United States v. Hubbard*,
    650 F.2d 293 (D.C. Cir. 1980) ..........................................................17

*United States v. Kott*,
    135 F. App'x 69 (9th Cir. 2005) ....................................................2, 18

*United States v. Kwok Cheung Chow*,
    No. 14-cr-00196, 2015 WL 5094744 (N.D. Cal. Aug. 28, 2015) .....................22

*United States v. McClatchy Newspapers, Inc.*,
    2 F. App'x 745 (9th Cir. 2001) .........................................................15

*United States v. Miske*,
No. 19-cr-00099, 2022 WL 1073797 (D. Haw. Apr. 8, 2022) ............................ 21

*United States v. Rivera*,
682 F.3d 1223 (9th Cir. 2012) .................................................................. 16

*United States v. Schlette*,
842 F.2d 1574 (9th Cir. 1988) .................................................................... 6

*United States v. Sealed Search Warrants*,
868 F.3d 385 (5th Cir. 2017) .................................................................... 21

*United States v. Wecht*,
484 F.3d 194 (3d Cir. 2007) ...................................................................... 21

**Other Authorities**

David Zahniser & Sarah D. Wire, *Accuser in Tony Cárdenas Assault Case
Alleges He Helped Her Family Get Free Rent*,
L.A. Times (Aug. 17, 2018),
https://perma.cc/X55R-66UD ...................................................................... 9

Michael Finnegan, *L.A. Bribery Trial Spotlights City Hall Corruption in
Run-Up to Election*, L.A. Times (Oct. 28, 2022),
https://perma.cc/54X8-WJ7D ...................................................................... 1

Patrick McGreevy, *Legislation Is Tailored for L.A. Firm*,
L.A. Times (June 9, 2008),
https://perma.cc/GEN7-JYJ6 .................................................................. 9, 10

Press Release, U.S. Att'y's Off., Cent. Dist. of Cal., Former Los Angeles
City Politician José Huizar Pleads Guilty to Racketeering Conspiracy and
Tax Evasion Charges (Jan. 20, 2023),
https://perma.cc/AE3Q-CN9A .................................................................... 17

Ralph Vartabedian, *How a Real Estate Boom Drove Political Corruption in
Los Angeles*, N.Y. Times (Aug. 29, 2024),
https://nyti.ms/3MKXkUA .......................................................................... 1

Ryan Vaillancourt, *Developer Wants to Close Course*,
L.A. Times (July 13, 2007),
https://perma.cc/8RBP-FZ73 ...................................................................... 9

## INTRODUCTION

In recent years, Los Angeles has seen "pay-to-play schemes run amok" and an "extraordinary" amount of corruption stemming from the real estate industry. Ralph Vartabedian, *How a Real Estate Boom Drove Political Corruption in Los Angeles*, N.Y. Times (Aug. 29, 2024), https://nyti.ms/3MKXkUA; *see also, e.g.*, Michael Finnegan, *L.A. Bribery Trial Spotlights City Hall Corruption in Run-Up to Election*, L.A. Times (Oct. 28, 2022), https://perma.cc/54X8-WJ7D. Petitioner Los Angeles Times Communications LLC (the "*Los Angeles Times*" or "*Times*") sought to vindicate the public's interest in knowing what actions public officials have taken to combat that corruption by moving to unseal judicial records in the prosecution of real-estate developer Mark Handel ("Defendant"), who was sentenced last year to 41 months in federal prison after entering a guilty plea. Those sealed judicial records—by prosecutors' own account—document a closed investigation into suspected public corruption in California.[1]

Despite the paramount public interest "in keeping a watchful eye on the workings of public agencies," *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (citation, alteration, and internal quotation marks

---

[1]    As described in more detail below, the judicial records at issue include documents filed in connection with Defendant's motion to compel specific discovery from the Government, filed in the District Court at ECF Nos. 59, 61, 70, 72, 73, 77, and 78, as well as several exhibits filed in support of the Government's sentencing position, filed in the District Court at ECF No. 125.

omitted), as well as the public's right to "properly evaluate the fruits of the government's extensive investigation," *United States v. Kott*, 135 F. App'x 69, 70 (9th Cir. 2005), the District Court adopted the position of the U.S. Attorney's Office for the Central District of California (the "Government") that most of the records should remain secret in their entirety, while the remainder would be redacted to conceal the identities of the public officials who were the subjects of the Government's corruption investigation. *See* Order ¶¶ 1, 3–4, 5(a), *United States v. Handel*, No. 2:20-cr-00612 (C.D. Cal. Sept. 19, 2024) (ECF No. 158) (the "District Court's Order") (attached hereto as Exhibit 1).[2] The District Court did so without offering any reasoning in support of its holding and without making any factual findings in support of sealing. *Id*. Under this Court's precedent, that was clear error. Mandamus should issue to correct it.

Further, while the failure to make findings before concluding that judicial records should be sealed *alone* requires reversal, *see, e.g.*, *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1212 (9th Cir. 2002) (district court's

---

[2] The records that were unsealed with redactions are filed as Exhibits B, D, G, and H at ECF No. 61; Exhibit 3 at ECF No. 73; and Exhibits 2–5 at ECF No. 125 in the District Court (together, the "Redacted Documents"). *See* Ex. 1 ¶¶ 3–5; *see also* Ex. 8 at B-001–02, D-001–06, G-001–32, H-001–54 (lodged materials filed pursuant to the District Court's Order and attached hereto). The records that remain wholly sealed are filed as ECF No. 59; ECF No. 61 and accompanying Exhibits A, F, I, J, N, O, P, and S; ECF No. 70; ECF No. 72; Exhibits 1–2 and 4–7 at ECF No. 73; ECF No. 77; and Exhibit T at ECF No. 78 in the District Court (together, the "Wholly Sealed Documents"). *See* Ex. 1 ¶ 1.

failure to "identify and discuss the factors it considered" requires reversal under good-cause standard); *Hagestad v. Tragesser*, 49 F.3d 1430, 1434 (9th Cir. 1995) (same under common-law right of access), even if the District Court had articulated its reasoning, its ruling could not be sustained. As an initial matter, the District Court erred as a matter of law in declining to apply a strong presumption of public access to the Wholly Sealed Records. More fundamentally, with respect to all the judicial records at issue, the District Court erred in concealing the identities of third parties, including public officials, implicated in the Government's public corruption investigation. This Court has held that "[t]he high public official has no privacy interest in freedom from accusations, baseless though they may be, that touch on his conduct in public office or in his campaign for public office," *In re McClatchy Newspapers, Inc.*, 288 F.3d 369, 373 (9th Cir. 2002) (hereinafter "*McClatchy*"), and the same is true of "[t]he private individual" faced with allegations "bearing on the way he does business with public bodies," *id.* On the contrary, there is a "powerful public interest" in allowing the public to review for itself court records that evidence possible official misconduct, including—if not especially—in closed investigations where the Government has opted not to prosecute public officials. *In re L.A. Times Commc'ns LLC*, 28 F.4th 292, 298 (D.C. Cir. 2022).

Here, the District Court's Order makes it impossible for the public to understand the significance of the allegations of public corruption that both the Government and Defendant expressly linked to Defendant's prosecution. That result undermines the "paramount public interest in a free flow of information to the people concerning public officials, their servants." *Garrison v. Louisiana*, 379 U.S. 64, 77 (1964). Petitioner respectfully urges this Court to issue a writ of mandamus ordering that the records be unsealed in relevant part.[3]

## RELIEF SOUGHT

Petitioner respectfully requests that the Court issue a writ of mandamus ordering the District Court to (1) unseal those portions of the Wholly Sealed Documents and Redacted Documents, *see supra* note 2, that remain under seal to protect the identities of uncharged third parties, *see* Ex. 1 ¶¶ 1, 3–4, 5(a), and (2) unseal all other portions of the Wholly Sealed Documents for which sealing is not shown by the Government on remand to be necessitated by a compelling interest, *see id.* ¶ 1.

---

[3] The *Times* does not challenge those portions of the District Court's Order requiring that the following be redacted from the Redacted Documents: (i) the identities of confidential government informants and cooperating witnesses, (ii) descriptions of sensitive law enforcement techniques, (iii) the identities of victims or intended victims, and (iv) personal identifying information such as social security numbers and bank account information. *See* Ex. 1 ¶¶ 3–4, 5(b)–(e).

## ISSUES PRESENTED

1.  Whether the District Court erred in denying Petitioner's motion to unseal judicial records without identifying the factors it considered in its analysis and without making any factual findings in support of its decision.

2.  Whether the District Court erred in concluding that the press and public do not have a qualified right of access under either the First Amendment or the common law to the Wholly Sealed Documents.

3.  Whether the District Court erred in concluding that the presumption of public access to the Redacted Documents was overcome with respect to the identities of uncharged third parties, including public officials, implicated in the Government's investigation into alleged public corruption.

## STATEMENT OF JURISDICTION

Where a non-party challenges an order sealing judicial records in a criminal case, this Court has jurisdiction to review the District Court's Order by way of a petition for writ of mandamus. *See United States v. Schlette*, 842 F.2d 1574, 1576 (9th Cir. 1988); *United States v. Brooklier*, 685 F.2d 1162, 1165–66 (9th Cir. 1982).

## FACTUAL AND PROCEDURAL BACKGROUND

**I.     The Government's prosecution of Mark Handel.**

On December 9, 2020, the Government charged Defendant, a real-estate developer, with a range of financial crimes in a nine-count indictment.  *See* Indictment at 1–11, *United States v. Handel*, No. 2:20-cr-00612 (C.D. Cal. Dec. 9, 2020) (ECF No. 1).  The indictment emphasized that Defendant "solicited large amounts of donations from his business associates and others to be paid to politicians"—an effort allegedly undertaken, "at least in part, to benefit his real estate projects by gaining access to and having influence over politicians."  *Id.* at 2.

Throughout the criminal proceedings, both Defendant and the Government repeatedly linked Defendant's prosecution to a broader investigation into suspected misconduct on the part of local, state, and federal officials in California.  On November 25, 2021, for instance, Defendant filed under seal a motion to compel specific discovery from the Government.  *See* Mot. to Compel Specific Disc., *United States v. Handel*, No. 2:20-cr-00612 (C.D. Cal. Nov. 25, 2021) (ECF No. 54) (manual filing attached hereto as Exhibit 2).  In moving to seal Defendant's reply in support of that motion, Defendant's counsel stated that the records were sealed because they contain "information on law enforcement's investigation into politicians and their staffers."  Mark Windsor Decl. ¶ 3, *United States v. Handel*, No. 2:20-cr-00612 (C.D. Cal. Mar. 14, 2022) (ECF No. 75) (attached hereto as

Exhibit 4).  And, at the hearing on Defendant's motion, counsel for the

Government likewise confirmed that "the briefing is sealed" because it references

"public officials" who "don't want that out there."  1st Partial Recording of Hr'g

on Mot. to Compel at 0:14–0:22, *United States v. Handel*, No. 2:20-cr-00612 (C.D.

Cal. Mar. 28, 2022), https://www.rcfp.org/wp-content/uploads/2024/06/5-01-

Motion-to-compel_Recording_2.m4a.[4]

In February 2023, Defendant pled guilty to one count of making a false

statement in bankruptcy and one count of subscribing to a false tax return.  *See*

Plea Agreement, *United States v. Handel*, No. 2:20-cr-00612 (C.D. Cal. Feb. 6,

2023) (ECF No. 100).  In court filings related to his sentencing and during the

sentencing hearing itself, Defendant again argued that his prosecution was an effort

by the Government to secure his cooperation in its investigation into public

corruption.  *See* Addendum to Def.'s Sentencing Mem. at 7 n.2, *United States v.*

*Handel*, No. 2:20-cr-00612 (C.D. Cal. Nov. 3, 2023) (ECF No. 135) (stating that

"Mr. Handel was twice interviewed by the FBI about his dealings with local

---

[4]    This is one of two audio files that Petitioner received from the District Court
in response to a request for the audio recording of the hearing on Defendant's
motion to compel.  Audio Recording Order, *United States v. Handel*, No. 2:20-cr-
00612 (C.D. Cal. Mar. 25, 2024) (ECF No. 149).  The second audio recording that
Petitioner received is available at 2d Partial Recording of Hr'g on Mot. to Compel,
*United States v. Handel*, No. 2:20-cr-00612 (C.D. Cal. Mar. 28, 2022),
https://www.rcfp.org/wp-content/uploads/2024/11/01-Motion-to-
Compel_Recording-1.m4a. It is Petitioner's understanding that the two audio files,
taken together, reflect the entirety of the hearing on Defendant's motion to compel.

politicians who were being investigated for corruption"); *see also* Recording of Sentencing Hr'g at 19:00, *United States v. Handel*, No. 2:20-cr-00612 (C.D. Cal. Nov. 14, 2023), https://www.rcfp.org/wp-content/uploads/2024/06/01-Recording_Sentencing-4.m4a (stating that "the original prosecutor on this case . . . was doing a public corruption investigation and came to Mr. Handel to try to get him to give them information").[5]

## II.    The *Times*' motion to unseal judicial records.

*Los Angeles Times* reporters regularly cover newsworthy judicial proceedings in the Central District of California.  The *Times* also has long reported on Defendant's business endeavors, *see, e.g.*, Ryan Vaillancourt, *Developer Wants to Close Course*, L.A. Times (July 13, 2007), https://perma.cc/8RBP-FZ73, as well as his longstanding relationships with state and federal public officials, *see, e.g.*, David Zahniser & Sarah D. Wire, *Accuser in Tony Cárdenas Assault Case Alleges He Helped Her Family Get Free Rent*, L.A. Times (Aug. 17, 2018), https://perma.cc/X55R-66UD (documenting allegations that Defendant provided free housing to a woman who accused U.S. Representative Tony Cárdenas of sexual assault); Patrick McGreevy, *Legislation Is Tailored for L.A. Firm*, L.A.

---

[5]     Petitioner likewise received this audio file from the District Court in response to a request for an audio recording of the sentencing hearing.  *See* Audio Recording Order, *United States v. Handel*, No. 2:20-cr-00612 (C.D. Cal. Feb. 14, 2024) (ECF No. 148).

Times (June 9, 2008), https://perma.cc/GEN7-JYJ6 (documenting allegations that then-Assemblyman Felipe Fuentes "customized legislation for his donors," including Defendant, a "major campaign contributor").

On August 1, 2024, the *Times* informed the Government that it intended to move to unseal judicial records that had remained sealed after Defendant's sentencing, including filings related to his motion to compel and exhibits to the Government's sentencing position. Following meet-and-confer discussions, on August 30, the *Times* filed a motion to unseal, *see* Notice of Mot. & Mot. of Non-Party L.A. Times Commc'ns LLC to Intervene & Unseal, *United States v. Handel*, No. 2:20-cr-00612 (C.D. Cal. Aug. 30, 2024) (ECF No. 154).

The Government opposed the *Times*' motion in part. It agreed that certain documents should be unsealed with redactions—namely, the exhibits to the Government's sentencing position that did not consist of grand jury material,[6] and certain exhibits filed in connection with Defendant's motion to compel, including two search warrant applications, bankruptcy-related documents, discovery letters, and an agent declaration. *See* Opp'n to Mot. of Non-Party L.A. Times Commc'ns LLC to Intervene & Unseal at 8–9, *United States v. Handel*, No. 2:20-cr-00612 (C.D. Cal. Sept. 9, 2024) (ECF No. 157). The Government maintained that

---

[6]     The *Times* did not move to unseal grand jury material subject to Federal Rule of Criminal Procedure 6(e).

redactions were necessary to—as relevant here—conceal the identities of
uncharged third parties, including public officials who were suspected of
wrongdoing in their official capacities. *See id.* at 16–19. The Government
opposed any unsealing of the remaining filings related to Defendant's motion to
compel, including the parties' briefing and certain exhibits that consisted of
wiretap materials, investigative reports, and interview transcripts. *See id.* at 4–9.
Defendant took no position on the *Times*' motion to unseal.

### III. The District Court's ruling.

On September 19, 2024, the District Court issued an order substantially
denying Petitioner's motion. *See* Ex. 1. With respect to those documents for
which the Government opposed any degree of transparency, the District Court held
that "[t]he press and public do not have a qualified right of access to these
materials, and good cause remains to keep them sealed." *Id.* ¶ 1. With respect to
those documents for which the Government urged redactions, the District Court
held that the Government had shown either "good cause" or "compelling reasons
and significant interests justifying the redactions." *Id.* ¶¶ 3–4. The District Court
ordered the Government to file its proposed redactions within 42 days. *Id.* at 3.

On October 31, 2024, the Government filed its proposed redactions. *See*
Notice of Lodging, *United States v. Handel*, No. 2:20-cr-00612 (C.D. Cal. Oct. 31,
2024) (ECF No. 159) (attached hereto as Exhibit 7); *see also* Ex. 8 (lodged

11

materials). As relevant here, the redacted search warrant applications further confirm that Defendant's prosecution stemmed from an investigation of "public corruption related offenses," Ex. 8 at G-009, H-012, including "[i]llegal conduit contributions" and "[t]he offer of benefits to influence and reward" public officials in a position to benefit Defendant's real-estate developments, *id.* at G-011, G-023, H-014.

## REASONS FOR ISSUING THE WRIT

### I.    The District Court failed to make findings in support of sealing.

Whether under the public's First Amendment right of access to judicial records, the common law right of access, or even a good-cause standard, this Court has made clear that reversal is always necessary where a district court fails "to identify and discuss the factors it considered" in resolving a motion to unseal so as "to allow appellate review of the exercise of its discretion." *Phillips*, 307 F.3d at 1212 (good-cause standard); *Hagestad*, 49 F.3d at 1434 (common law); *Brooklier*, 685 F.2d at 1168 (First Amendment). This is such a case, and mandamus is warranted to correct the District Court's failure to identify and discuss the claimed basis for sealing. *See Associated Press v. U.S. District Court*, 705 F.2d 1143, 1147 (9th Cir. 1983) (finding "an appropriate case for the issuance of a writ of mandamus" where district court failed to make findings before holding records should remain sealed).

The District Court offered no reasoning and no findings before denying the press and public access to judicial records that go to the heart of public trust in all three branches of government. *See Phoenix Newspapers, Inc. v. U.S. District Court*, 156 F.3d 940, 948 (9th Cir. 1998) (public interest heightened where records bear on allegations of official misconduct and the "conduct of . . . law enforcement agencies"). In its brief order, the entirety of the District Court's discussion of the Wholly Sealed Documents is this sentence: "The press and public do not have a qualified right of access to these materials, and good cause remains to keep them sealed." Ex. 1 ¶ 1. Similarly, the District Court's entire discussion as to the Redacted Documents is one sentence: "Notwithstanding the public's qualified common law right of access to sealed search warrant materials after an investigation ends and its qualified First Amendment right of access to sentencing materials, the government has established compelling reasons and significant interests justifying the redactions." *Id.* ¶ 4. But this Court has repeatedly explained that "[g]eneral statements that the court concludes closure is necessary" do not "afford a basis for determining whether the court applied the correct standard" in sealing judicial records. *Brooklier*, 685 F.2d at 1169; *see Phoenix Newspapers*, 156 F.3d at 950.[7]

---

[7] Similarly, the District Court provided no reasoning and made no factual findings in the orders initially sealing the documents. *See* Order, *United States v. Handel*, No. 2:20-cr-00612 (C.D. Cal. Nov. 29, 2021) (ECF No. 60) (attached

Nothing in the District Court's Order, for instance, "discuss[ed] either the nature or scope" of the public interests favoring transparency, including the "powerful public interest" in evaluating suspected misconduct involving public officials. *In re L.A. Times Commc'ns LLC*, 28 F.4th at 298 (reversing denial of motion to unseal records of closed investigation of public official on that ground). But that issue should have been crucial to the analysis under *any* standard. *See In re Roman Cath. Archbishop of Portland*, 661 F.3d 417, 424 & n.5 (9th Cir. 2011) (good-cause analysis must weigh "whether the case involves issues important to the public" (citation omitted)); *Kamakana*, 447 F.3d at 1178–79 (common law analysis must weigh "the public policies favoring disclosure"); *Phoenix Newspapers*, 156 F.3d at 948 (First Amendment analysis must weigh heightened public interest in allegations of official misconduct). The District Court's failure to address this central issue necessitates reversal.

The District Court likewise failed to address whether the uncharged third parties' "privacy interest was further diminished because the investigation involved actions taken by . . . public official[s] in [their] public capacity." *In re L.A. Times Commc'ns LLC*, 28 F.4th at 298. Under strikingly similar circumstances—a

---

hereto as Exhibit 3); Order, *United States v. Handel*, No. 2:20-cr-00612 (C.D. Cal. Mar. 15, 2022) (ECF No. 76) (attached hereto as Exhibit 5); Order, *United States v. Handel*, No. 2:20-cr-00612 (C.D. Cal. Oct. 24, 2023) (ECF No. 123) (attached hereto as Exhibit 6).

motion to unseal judicial records related to alleged pay-to-play schemes in the California real-estate industry—this Court found mandamus necessary to correct just that error. *United States v. McClatchy Newspapers, Inc.*, 2 F. App'x 745, 747 (9th Cir. 2001) (reversal required where district court stated sealing was necessary to protect "the reputation of other people that the government has concluded there is no evidence to suggest were guilty of crimes but were nevertheless accused of crimes" but "did not identify any facts whatsoever to support its redactions" (citation omitted)). The same course should be followed here. Under any standard, the District Court's failure to make findings or identify the factors it considered warrants mandamus.

## II. The District Court erred in ordering redaction of the identities of public officials and others that were the subjects of the Government's public corruption investigation.

The District Court erred on the merits by approving the redaction of the identities of third parties, including public officials, that were the subjects of the public corruption investigation that led to Defendant's prosecution. This Court could not have provided clearer guidance: "The high public official has no privacy interest in freedom from accusations, baseless though they may be, that touch on his conduct in public office or in his campaign for public office," and "[t]he private individual" likewise "has no privacy interest in allegations, baseless though they may be, bearing on the way he does business with public bodies." *McClatchy*, 288

F.3d at 373. That principle holds true, as this Court has specifically held, in the context of "real estate developers engaged in projects requiring governmental approval." *Id.* at 374. And as a result, reputational or privacy interests cannot justify redacting the identities of third parties here under any plausibly relevant standard—not the First Amendment, not the common law, and not good cause.[8] The District Court, however, failed to acknowledge *McClatchy*, let alone distinguish it. *See* Ex. 1.

That error is sufficiently "apparent" to require mandamus relief, *McClatchy*, 288 F.3d at 373—especially given the weighty public interests in favor of transparency here. The presumption of access to judicial records is "especially strong" in cases, like this one, that involve allegations of wrongdoing by public officials. *In re NBC, Inc.*, 635 F.2d 945, 952 (2d Cir. 1980); *accord, e.g.*, *In re L.A. Times Commc'ns LLC*, 28 F.4th at 298; *Phoenix Newspapers*, 156 F.3d at 950. And nothing about that interest is attenuated by the fact that the Government

---

[8] The District Court correctly concluded, and the Government did not dispute, that the exhibits filed in connection with Defendant's sentencing are governed by the First Amendment standard. *See* Ex. 1 ¶ 4; *United States v. Rivera*, 682 F.3d 1223, 1229 (9th Cir. 2012). As to the search warrant applications unsealed in redacted form, the District Court concluded—and, again, the Government did not dispute—that the common law compelling-reasons standard applied. *See* Ex. 1 ¶ 4; *see also United States v. Bus. of Custer Battlefield Museum & Store*, 658 F.3d 1188, 1193–94 (9th Cir. 2011). As discussed in detail in Section III, below, the District Court erroneously concluded that neither the First Amendment nor the common-law standard applied to the Wholly Sealed Documents. Ex. 1 ¶ 1.

ultimately opted not to charge any public officials here. On the contrary,

transparency is especially vital in this context: "[T]he integrity of the law

enforcement process would be substantially served" by permitting the public to

judge for itself whether no charges were filed because the allegations were

unfounded, or whether instead "failure to prosecute in the light of overwhelming

probable cause substantially impugns the integrity of the prosecutorial function."

*United States v. Hubbard*, 650 F.2d 293, 323 (D.C. Cir. 1980). Put another way,

the public has a right to know "whether the government had the evidence but

nevertheless pulled its punches." *In re L.A. Times Commc'ns LLC*, 628 F. Supp.

3d 55, 66 (D.D.C. 2022) (unsealing records in closed investigation of public

official that "resulted in no criminal charges").

Here, the judicial records that are partially public—including, in particular,

the search warrant applications—set forth in detail the grounds for the

Government's investigation into suspected misconduct on the part of public

officials, including members of the Los Angeles City Council, *see* Ex. 8 at G-010–

24, H-013–35, and federal officeholders, *see id.* at G-024–26, H-035–37. The

search warrant applications include, for instance, an extensive narrative of possible

pay-to-play corruption on the Council's Planning and Land Use Management

Committee, *see id.* at G-013–16, G-018-20, H-017–28, a committee that has been

the nexus of other public corruption controversies, *see, e.g.*, Press Release, U.S.

17

Att'y's Off., Cent. Dist. of Cal., *Former Los Angeles City Politician José Huizar Pleads Guilty to Racketeering Conspiracy and Tax Evasion Charges* (Jan. 20, 2023), https://perma.cc/AE3Q-CN9A.  But because the identities of the Councilmembers involved are redacted, the public cannot "properly evaluate the fruits of the government's extensive investigation"—it cannot judge, that is, if those officials were held accountable, or if instead the Government left apparent misconduct unaddressed.  *Kott*, 135 F. App'x at 70.

As another district court in this Circuit persuasively explained in applying *McClatchy* to unseal the identities of uncharged third parties in a separate Los Angeles corruption scandal, "[p]ublic confidence in government—which lies at the core of a well functioning democracy—is shaken, if not shattered, when public officials and those operating on their behalf engage in criminal or unethical conduct," a reality that requires urgent "public scrutiny to determine the extent to which wrongdoers have been held accountable and the extent to which the affected agencies have been reformed."  *In re Consumer Watchdog*, No. 2:24-cv-01650, 2024 WL 2104448, at *3 (C.D. Cal. Apr. 11, 2024).  Here, the District Court's Order makes that core function of judicial transparency impossible.  That was error; mandamus should issue, and the identities of those who were the subjects of the Government's public corruption investigation should be unsealed.

### III. The District Court erred in concluding that no presumption of public access applies to the Wholly Sealed Documents.

The District Court independently erred in concluding that "[t]he press and public do not have a qualified right of access" to the Wholly Sealed Documents—materials that were filed in connection with the Defendant's motion to compel specific discovery from the Government. Ex. 1 ¶ 1. Both the First Amendment and the common law guarantee a presumption of access to motions to compel the Government's compliance with its obligations to a criminal defendant.

"The law recognizes two qualified rights of access to judicial proceedings and records, a common law right 'to inspect and copy public records and documents, including judicial records and documents,' and 'a First Amendment right of access'" to certain proceedings and documents. *Custer Battlefield Museum*, 658 F.3d at 1192 (first quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978), then quoting *Press-Enter. Co. v. Superior Court* (*Press-Enterprise II*), 478 U.S. 1, 8 (1986)). In determining whether the First Amendment presumption applies, courts look to the complementary and related considerations of "experience and logic"—that is, "whether the place and process have historically been open to the press and general public" and "whether public access plays a significant positive role in the functioning of the particular process in question." *Press-Enterprise II*, 478 U.S. at 8, 9. The common law presumption, for its part, attaches to any document "more than tangentially related to the merits

19

of a case." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101 (9th Cir. 2016). Both presumptions apply to motions to compel discovery from the Government in a criminal case.

To start with the First Amendment: This Circuit has explained "that the press and public have historically had a common law right of access to most pretrial documents" in criminal proceedings, documents that "are often important to a full understanding of the way in which the judicial process and the government as a whole are functioning." *Associated Press*, 705 F.2d at 1145 (citation and internal quotation marks omitted). As a result, "the public and press have a first amendment right of access to pretrial documents in general," *id.*, and other federal courts of appeals have applied that same general rule to filings related to motions to "compel discovery" from the Government in criminal cases in particular, *In re Time Inc.*, 182 F.3d 270, 271 (4th Cir. 1999); *see also Padilla-Ramirez v. Bible*, 882 F.3d 826, 836 (9th Cir. 2017) (noting that, "[a]s a general rule, we decline to create a circuit split unless there is a compelling reason to do so" (citation and internal quotation marks omitted)).

Common sense underpins that conclusion. The First Amendment presumption has special importance with respect to pre-trial motions that allege or adjudicate "government misconduct," *Associated Press*, 705 F.2d at 1145, which motions to compel the Government's compliance with its discovery obligations in

criminal matters necessarily do (and Defendant's certainly did), *see* Recording of Sentencing Hr'g, *supra*, at 12:23–13:18.  In that respect, as the Third Circuit explained in a similar posture, judicial records adjudicating the Government's obligations to a criminal defendant are fundamentally unlike "traditional civil discovery between private parties," *United States v. Wecht*, 484 F.3d 194, 210 (3d Cir. 2007), governed not just "by rules of procedure but by the Constitution," *id.* at 209, including fundamental considerations of Due Process.  Experience and logic thus make clear the First Amendment presumption applies.

The same considerations underline that the common law presumption, which sweeps more broadly than the First Amendment, is also applicable.  *See United States v. Sealed Search Warrants*, 868 F.3d 385, 390 n.1 (5th Cir. 2017) (common law presumption can attach "[e]ven absent a finding of a First Amendment right of access"); *In re U.S. for an Order Pursuant to 18 U.S.C. Section 2703(D)*, 707 F.3d 283, 290 (4th Cir. 2013) (same).  Motions to compel are "more than tangentially related to the merits of a case," *Ctr. for Auto Safety*, 809 F.3d at 1101, and implicate "substantive rights" for the same reasons given above in connection with the constitutional presumption, *id.* at 1098 (citation omitted).  Indeed, here, Defendant's motion to compel appears to have been his *only* substantive effort to refute any of the charges against him prior to entering a guilty plea.  *See United States v. Miske*, No. 19-cr-00099, 2022 WL 1073797, at *3 (D. Haw. Apr. 8, 2022)

21

(motion to compel "addresse[d] the merits of th[e] case" for purposes of the common law presumption of access where defendant used the motion to "assert[] that the withheld information relates to his alleged innocence with respect to one or more of the charged crimes"); *see also* Recording of Sentencing Hr'g, *supra*, at 12:23–13:18 (Defendant's counsel arguing that Defendant's motion to compel advanced a meritorious argument of Government misconduct).

It does not alter the analysis that the Wholly Sealed Documents may refer to, attach, or incorporate information from wiretap materials, investigative reports, or interview transcripts. The threshold question whether a presumption of access attaches looks to "categories of documents," not to particular sentences within them. *Kamakana*, 447 F.3d at 1178; *see also id.* at 1184–85 (rejecting the argument that documents containing information subject to a law enforcement privilege are wholly exempt from the presumption of access). Other courts have consistently concluded, in that light, that Title III's sealing provisions do not apply to "excerpts of Title III materials" that are included in, or attached to, a presumptively public judicial record; instead, "by their incorporation into the parties' arguments and the Court's analysis, the excerpts themselves become judicial records." *United States v. Kwok Cheung Chow*, No. 14-cr-00196, 2015 WL 5094744, at *4 (N.D. Cal. Aug. 28, 2015); *see also In re N.Y. Times Co.*, 828 F.2d 110, 114–16 & n.1 (2d Cir. 1987) (First Amendment presumption of access

applies to "documents containing Title III material filed in connection with a pretrial motion in a criminal proceeding"); *In re Newsday, Inc.*, 895 F.2d 74, 79 (2d Cir. 1990) ("[t]he presence of material derived from intercepted communications" in another judicial record "does not change its status as a public document subject to a common law right of access").

The District Court offered no reason of any kind for concluding otherwise, and it did not suggest that blanket sealing of the Wholly Sealed Documents could be justified under either the First Amendment or the common law standard. *See* Ex. 1 ¶ 1. Reversal and remand is necessary for that reason as well.

## CONCLUSION

Petitioner respectfully requests that the Court issue a writ of mandamus ordering the District Court to (1) unseal those portions of the Wholly Sealed Documents and Redacted Documents that remain under seal to protect the identities of uncharged third parties and (2) unseal all other portions of the Wholly Sealed Documents for which sealing is not shown by the Government on remand to be necessitated by a compelling interest.

Date: November 18, 2024

*/s/ Katie Townsend*
Katie Townsend
  *Counsel of Record*
Grayson Clary
REPORTERS COMMITTEE FOR
FREEDOM OF THE PRESS
1156 15th St. NW, Suite 1020
Washington, D.C. 20005

Telephone: (202) 795-9300
Facsimile: (202) 795-9310

Jeff Glasser
LOS ANGELES TIMES
  COMMUNICATIONS LLC
2300 E. Imperial Highway
El Segundo, CA 90245
Telephone: (213) 237-7077

**CERTIFICATE OF COMPLIANCE**

This petition for writ of mandamus complies with the length requirements of Fed. R. App. P. 21(d) and Cir. R. 21-2(c) because it does not exceed 30 pages, excluding the elements excluded by Cir. R. 21-2(c).

This petition for writ of mandamus complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because it is set in 14-point Times New Roman, a proportionally spaced typeface, and was prepared using Microsoft Word for Mac (version 16.78).

Date: November 18, 2024

*/s/ Katie Townsend*
Katie Townsend
 *Counsel of Record*
REPORTERS COMMITTEE FOR
 FREEDOM OF THE PRESS

## CERTIFICATE OF SERVICE

I, Katie Townsend, do hereby certify that I have filed the foregoing Petition for Writ of Mandamus electronically with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit using the appellate ACMS system on November 18, 2024.

I further certify that a notice of filing of the foregoing, including a complete copy thereof, will be filed in the underlying proceeding in the United States District Court for the Central District of California in compliance with Federal Rule of Appellate Procedure 21. All parties to the underlying proceeding and the District Court Judge, the Honorable Otis D. Wright, II, will be provided with that notice and copy through that filing. In addition, a courtesy copy of the foregoing will be provided via e-mail to counsel for the parties to the underlying proceeding:

| | |
|---|---|
| Thomas F. Rybarczyk | Mark Windsor |
| Assistant United States Attorney | Law Office of Mark Windsor |
|     Public Corruption and Civil | 65 N. Raymond Ave, Ste. 320 |
|     Rights Section | Pasadena, California 91103 |
| Tara Boger Vavere | (626) 792-6700 |
| Assistant United States Attorney | mark@windsorlaw.us |
|     Asset Forfeiture and Recovery | |
|     Section | Jennifer Lieser |
| 312 North Spring Street | Kaplan Marino PC |
| Los Angeles, California 90012 | 1546 North Fairfax Ave. |
|  (213) 894-8452 | Los Angeles, CA 90046 |
| Thomas.rybarczyk@usdoj.gov | Lieser@kaplanmarino.com |
| Tara.Vavere@usdoj.gov | |

[signature on following page]

26

Date: November 18, 2024

/s/ Katie Townsend
Katie Townsend
  Counsel of Record
REPORTERS COMMITTEE FOR
  FREEDOM OF THE PRESS